IIeNBY G. Smith, J.,
delivered the opinion of the Court.
Nokes was indicted in the Criminal Court, of Memphis, for a capital crime. "When brought into court and arraigned, he demanded a copy of the indictment, and objected to be put upon trial, until such copy was furnished, and had by him for two entire clays. The Court overruled his objection, and put him forthwith upon trial, the result of which, was, his conviction and sentence.
*298 Tbe offense charged against tbe defendant, was committed on tbe 7th of September, 1868, the indictment found on tbe 17th, and tbe tidal bad on tbe 27tb of tbe same month. Tbe prisoner was in actual confinement in tbe county jail, at tbe time, and bad been so, continually, from a day or two after tbe offense was committed.
The 9th section of the Declaration of Rights ordaining that “in all criminal prosecutions, the accused bath a right ***** to demand tbe nature and cause of tbe accusation against him, and to have a copy thereof.” The section 5204, of tbe Code, enacts that, “ every person indicted for a capital offense, if be is in actual confinement, is entitled to a copy of tbe indictment at least two entire days before trial.”
Tbe record discloses nothing of tbe nature of waiver by tbe defendant, of the right to tbe copy, -nor any conduct or neglect of any kind, which could operate to exclude him from demand and enjoyment of the right.
Tbe Constitution and tbe Code, give tbe defendant tbe right to have a copy of tbe indictment for two entire days before tbe trial. This right was denied him, and without any sufficient cause for the denial, if any sufficient cause there can be, unless by waiver of tbe defendant.
Tbe judgment must be reversed, and the defendant sent back for a new trial, when copy will be furnished, unless waived by the defendant.